## REED v. UNITED STATES.

### No. 8128.

United States Court of Appeals for the District of Columbia.

Submitted May 11, 1942.

Decided June 1, 1942.

Otho D. Branson, of Washington, D. C., for appellant.

**326**

Edward M. Curran, U. S. Atty., and John C. Conliff, Jr., and Charles B. Murray, Asst. U. S. Attys., all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

## PER CURIAM.

Appellant was indicted, tried and convicted of stealing from the person of one David E. Williams a small sum of money. He was sentenced to the penitentiary for a period of from two to six years.

At the trial defendant produced no witnesses and reserved no exceptions. His trial counsel has filed an affidavit in which he informs us that the case was submitted to the jury on the single question whether the defendant did "snatch from the hand of the complaining witness, American currency in the amount of two dollars"; that as attorney for the defendant he attempted to secure interviews with such witnesses as were available and was unable to find any who would testify in defendant's behalf. After the appeal, it being represented to us that appellant's former counsel had withdrawn, we requested the trial court to appoint a member of the bar of this court to represent him on appeal. At the call of the case we were informed by present counsel that from the interviews and inspection of the record the only possible error of which appellant could complain was the failure of trial counsel to subpoena witnesses who appellant contends would have testified on his behalf. Counsel, therefore, took the names of witnesses furnished by appellant and had subpoenas issued for their appearance before the District Attorney on a given date, but on that date only two of eight were found and served, and both asserted they had no knowledge of the offense or the circumstances under which it occurred. Counsel informs us he knows of no ground on which the appeal can be sustained.

In this state of the record, and in view also of the fact that the evidence for the government was not stenographically reported and is not contained in the record, we have no alternative but to affirm the judgment.

Affirmed.